J. S62033/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| WILLIAM JAMES HOLLEN, | : | No. 701 WDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered April 25, 2019,
in the Court of Common Pleas of Blair County
Criminal Division at No. CP-07-CR-0000271-2016

BEFORE:  PANELLA, P.J., KUNSELMAN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:           **FILED JANUARY 31, 2020**

William James Hollen appeals from the April 25, 2019 judgment of sentence entered in the Court of Common Pleas of Blair County following revocation of appellant's probation and resentencing appellant to one to two years' incarceration.  Blair County Chief Public Defender Russell J. Montgomery, Esq. ("Public Defender Montgomery"), filed an ***Anders*** brief[1] and a petition to withdraw.  We grant counsel's petition to withdraw and affirm the judgment of sentence.

The record reflects that on June 13, 2016, appellant pleaded guilty to one count each of criminal conspiracy to commit simple assault and simple

---

[1] ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009); ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981).

assault at trial court docket CP-07-CR-0000271-2016 ("CR-271-2016").[2]

Appellant was sentenced to two years' probation for each conviction,

sentences to run consecutive, and ordered to pay fines, costs, and restitution.

(Original sentencing order, 6/16/16 at 1-5.)  After appellant violated his

probation, the sentencing court conducted a *Gagnon II* hearing[3] and on

June 30, 2017, revoked appellant's probation at CR-271-2016.  (Resentencing

order, 7/19/17 at 1.)  Appellant was resentenced to time-served to 23½

months' incarceration on the criminal conspiracy to commit simple assault

conviction and to a consecutive two years' probation on the simple assault

conviction.  (*Id.*)  In December 2017, appellant received new charges to which

he pleaded guilty to aggravated assault[4] at trial court docket CP-07-CR-

0000230-2018 ("CR-230-2018") on March 25, 2019, and was sentenced to

21 to 42 months' incarceration followed by a maximum of 78 months'

consecutive probation.  As a result of these new charges and appellant's

conviction at CR-230-2018, the sentencing court conducted a *Gagnon II*

hearing at CR-271-2016 on April 25, 2019.  At the conclusion of the

---

[2] 18 Pa.C.S.A. §§ 903(a)(1) and 2701(a)(3), respectively.

[3] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973); *see also Commonwealth v. Ferguson*, 761 A.2d 613 (Pa.Super. 2000) (explaining when parolee or probationer is detained pending revocation hearing, due process requires determination at pre-revocation hearing (*Gagnon I* hearing) of probable cause to believe violation was committed, and upon finding of probable cause, a second, more comprehensive hearing (*Gagnon II* hearing) follows before the trial court makes final revocation decision).

[4] 18 Pa.C.S.A. § 2702(a)(4).

***Gagnon II*** hearing, appellant was found to have violated his probation at CR-271-2016 a second time. The sentencing court revoked appellant's probation on the simple assault conviction at CR-271-2016 and resentenced appellant to one to two years' incarceration.[5] (Resentencing order, 4/30/19 at unnumbered page 1.) Appellant filed ***pro se*** a "***nunc pro tune*** [sic] post sentence motion" that the sentencing court denied on May 2, 2019. (Sentencing court order, 5/2/19.)

On May 7, 2019, appellant filed a timely, counseled notice of appeal. The sentencing court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Public Defender Montgomery filed a statement of intent to file an ***Anders*** brief in lieu of a concise statement. ***See*** Pa.R.A.P. 1925(c)(4). The sentencing court did not file a Rule 1925(a) opinion, but rather, informed this court that it was relying on appellant's brief and that nothing further would be forthcoming from the sentencing court.[6]

Preliminarily, we must address Public Defender Montgomery's petition to withdraw and the accompanying ***Anders*** brief, both alleging this appeal is frivolous.

---

[5] We note that appellant's parole on the criminal conspiracy to commit simple assault conviction at CR-271-2016 was revoked and closed. (Resentencing order, 4/30/19 at unnumbered page 1.)

[6] We note that the Commonwealth did not file a brief in this matter.

"When presented with an **Anders** brief, this [c]ourt may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa.Super. 2010) (citation omitted). In order to withdraw pursuant to **Anders**, "counsel must file a brief that meets the requirements established by our [s]upreme [c]ourt in **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009)." **Commonwealth v. Harden**, 103 A.3d 107, 110 (Pa.Super. 2014) (parallel citation omitted). Specifically, counsel's **Anders** brief must comply with the following requisites:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** (citation omitted).

Pursuant to **Commonwealth v. Millisock**, 873 A.2d 748 (Pa.Super. 2005), and its progeny, "[c]ounsel also must provide a copy of the **Anders** brief to his client." **Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa.Super. 2014) (internal quotation marks and citation omitted). The brief must be accompanied by a letter that advises the client of the option to

"(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Id.* "Once counsel has satisfied the above requirements, it is then this [c]ourt's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Goodwin*, 928 A.2d 287, 291 (Pa.Super. 2007) (*en banc*) (citation and internal quotation marks omitted).

Instantly, Public Defender Montgomery has satisfied the technical requirements of *Anders* and *Santiago*. In his *Anders* brief, counsel has identified the pertinent factual and procedural history and made citation to the record. Counsel raises one claim challenging the discretionary aspect of appellant's sentence that could arguably support an appeal, but ultimately, counsel concludes the appeal is frivolous. Counsel has also attached to his petition a letter to appellant that meets the notice requirements of *Millisock*.[7] Appellant has not filed a response to counsel's letter, the *Anders* brief, or the petition to withdraw. Accordingly, we proceed to conduct an independent review of the record to determine whether this appeal is wholly frivolous.

---

[7] We note that counsel's initial petition to withdraw was stricken by this court, pursuant to a *per curiam* order filed September 4, 2019, because the petition did not include a notice of rights letter to appellant as an attachment. (*See* petition to withdraw, 8/30/19; *see also per curiam* order, 9/4/19.) Counsel filed his instant petition with a copy of the letter to appellant attached on September 6, 2019.

In the **Anders** brief, counsel states that appellant "wishes to pursue this appeal because he believes his [s]entence was too harsh and the 1 to 2 years['] [s]entence he received should be run concurrent with the sentence of 21 to 42 months for his new charges." (**Anders** brief at 7.) This issue presents a challenge to the discretionary aspect of appellant's sentence.

> A challenge to the discretionary aspects of sentencing does not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this [c]ourt's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Bynum-Hamilton**, 135 A.3d 179, 184 (Pa.Super. 2016) (footnote, quotation marks, and some citations omitted).

Here, the record reflects that appellant's counsel filed a timely notice of appeal, and although counsel did not include a Rule 2119(f) statement in his **Anders** brief, we do not find this precludes our review. **See Bynum-Hamilton**, 135 A.3d at 184 (holding counsel's failure to submit Rule 2119(f) statement in **Anders** brief does not preclude review of whether appellant's issue is frivolous). Appellant filed a **pro se** post-sentence motion while still represented by counsel. This motion, however, was a nullity. **See Nischan**, 928 A.2d at 355 (holding **pro se** post-sentence motion filed by

appellant represented by counsel is nullity, having no legal effect).  Counsel

for appellant did not file any post-sentence motions.  Therefore, appellant

failed to preserve his challenge to the discretionary aspect of his sentence.

Consequently, appellant waived his challenge to the discretionary aspect of

his sentence.  ***Bynum-Hamilton***, 135 A.3d at 184.  Nevertheless, ***Anders***

requires that we review issues otherwise waived on appeal.  ***See***

***Commonwealth v. Hernandez***, 783 A.2d 784, 787 (Pa.Super. 2001).

Therefore, we will examine whether appellant's claim raises a substantial

question.

> [A] determination of what constitutes a substantial question must be evaluated on a case-by-case basis and such question exists only when an appellant advances a colorable argument that the sentencing judge's actions were either inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

***Bynum-Hamilton***, 135 A.3d at 184 (citation omitted).

Here, counsel contends appellant "cannot show that the [s]entence was

inconsistent with a specific provision of the code or contrary to the

fundamental norms which underlie the [s]entencing process."  (***Anders*** brief

at 8.)

> Upon revoking one's probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration.  42 Pa.C.S.A. § 9771(b).  However, the imposition of total confinement upon revocation requires a finding that [appellant] has been convicted of another crime, his conduct indicates it is

> likely he will commit another crime if he is not imprisoned, or such a sentence is essential to vindicate the court's authority of the court. 42 Pa.C.S.A. § 9771(c). Section 9721, which governs sentencing generally, provides that in all cases where the [sentencing] court resentences an offender following revocation of probation the [sentencing] court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed. Failure to comply with these provisions shall be grounds for vacating the sentence or resentence and resentencing the defendant. Additionally, this [c]ourt has noted that the reasons stated for a sentence imposed should reflect the sentencing court's consideration of the criteria of the Sentencing Code, 42 Pa.C.S.A. § 9701 *et seq.*, the circumstances of the offense, and the character of the offender.

*Bynum-Hamilton*, 135 A.3d at 184-185 (quotation marks, ellipsis, and some citations omitted). A challenge to the imposition of consecutive sentences does not present a substantial question except in the extreme circumstance where "the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct in this case." *Commonwealth v. Zirkle*, 107 A.3d 127, 133-134 (Pa.Super. 2014) (citation omitted), *appeal denied*, 117 A.3d 297 (Pa. 2015).

Instantly, the sentencing court found that there was no contest to the violation of appellant's probation at CR-271-2016 due to his aggravated assault conviction at CR-230-2018. (Resentencing order, 4/30/19 at unnumbered page 1.) The sentencing court, upon resentencing appellant at CR-271-2016 to one to two years' incarceration to run consecutive to the

sentence imposed at CR-230-2018, stated, "[t]he [sentencing c]ourt's purpose in this sentence is that it finds that [appellant's] best rehabilitative chance is in the State Correctional Institution setting. The [sentencing c]ourt notes that one prior revocation and the six prior violations without revocation contained in the presentation this date." (*Id.* at unnumbered pages 1-2.)

Based upon a review of the record, we find that appellant has failed to demonstrate that the consecutive sentence raised his aggregate sentence, on its face, to an excessive level in light of appellant's criminal conduct. Therefore, appellant's claim fails to raise a substantial question.

Alternatively, if appellant had raised a substantial question, the sentencing court is afforded discretion in deciding to impose consecutive rather than concurrent sentences. *See Zirkle*, 107 A.3d at 133 (stating, a defendant should not receive volume discount for his crimes by having all sentences run concurrently).

Here, the record demonstrates that the trial court, prior to imposing resentence, considered that appellant had issues related to drug use and would benefit from participation in drug rehabilitation and counseling programs. (Notes of testimony, 4/25/19 at 7.) Moreover, while previously on probation, appellant continued to commit additional crimes for which he was convicted and those crimes got progressively more violent in nature. (*Id.*) We discern no abuse of discretion on the part of the sentencing court in

imposing a sentence to run consecutive to the sentence imposed on appellant at his other criminal docket.

The record supports Public Defender Montgomery's conclusion that this appeal is frivolous. Moreover, our independent review of the entire record reveals no additional non-frivolous issues. Consequently, we grant Public Defender Montgomery's petition to withdraw, and we affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  1/31/2020